**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DEBORAH SANDEFUR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1255-G** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Now before the Court is Plaintiff Deborah Sandefur's Motion to Remand (Doc. No. 11). Defendant State Farm Fire and Casualty Company ("State Farm") has responded (Doc. No. 12), and Plaintiff has replied (Doc. No. 13).

*I. Background*

Plaintiff initially filed this action in the District Court of Oklahoma County, Oklahoma, on April 10, 2025. *See* Pet. (Doc. No. 1-4). Plaintiff challenges State Farm's denial of an insurance claim submitted for wind and hail damage to Plaintiff's property following an April 2023 storm. *See* Am. Pet. (Doc. No. 1-5) ¶¶ 40, 57.

Plaintiff's claims are premised on an alleged state-wide scheme, pursuant to which State Farm and its captive insurance agents—i.e., agents who exclusively sell State Farm products—allegedly underpay and deny wind and hail damage claims. *See id.* ¶¶ 7, 58. According to Plaintiff, the scheme begins when an agent sells a replacement cost home insurance policy to the insured and represents that the property satisfies State Farm's underwriting guidelines and requirements. *See id.* ¶ 9. State Farm then issues the policy.

*Id.* ¶ 15.

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, State Farm denies the claim based on a variety of bad faith claims handling tactics. *See id.* ¶¶ 28-39, 51, 63. State Farm agents allegedly know of this scheme and fail to disclose it to customers, despite having a legal duty to do so. *Id.* ¶¶ 24, 32, 83.

Plaintiff brings claims of breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation against Defendant State Farm. *See id.* ¶¶ 53-67, 76-92. Plaintiff also asserts claims against her insurance agent, Defendant Josh Fields Insurance Agency, Inc., for negligent procurement of insurance and for constructive fraud/negligent misrepresentation. *See id.* ¶¶ 68-92.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 1-3. Plaintiff then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## *II. Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333

(10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Am. Pet. at 26. It is further undisputed that Plaintiff and Defendant Fields are citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes. *See id.* ¶¶ 1-4. Therefore, complete diversity does not exist among the parties.

State Farm asserts that the Court has jurisdiction over this action because Plaintiff fraudulently joined Defendant Fields, a nondiverse defendant, as a means to defeat removal. *See* Notice of Removal at 3-20; Def.'s Resp. at 5-6. Citing the lack of diversity resulting from Defendant's failure to establish fraudulent joinder, Plaintiff seeks remand of this case to state court. *See* Pl.'s Mot. to Remand at 11-31; 28 U.S.C. § 1447(c).

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal

quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

*III. Discussion*

*A. Plaintiff's Ability to Establish a Claim Against Defendant Fields*

State Farm contends that fraudulent joinder is shown by Plaintiff's inability to establish a viable cause of action against the non-diverse defendant. In evaluating State Farm's assertion of fraudulent joinder, the Court must "determine whether [Plaintiff] has any possibility of recovery against" Defendant Fields. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

As noted, Plaintiff asserts a claim of negligent procurement of insurance against Defendant Fields. *See* Am. Pet. ¶¶ 68-75. Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). "To discharge their duty . . . , insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds . . . .'' *Id.* (emphasis omitted).

An insurance agent is liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269. Further "an agent may by its representations or conduct, assume duties beyond those inherently tied to its role as agent." *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3 (W.D. Okla. Aug. 7, 2023).

Plaintiff specifically requested full replacement cost coverage. Am. Pet. ¶ 10. Defendant Fields represented to Plaintiff that "the Policy its office issued would replace the Insured Property to its pre-loss condition in the event of a covered loss" and that "the Insured Property was free of any unrepaired damage and satisfied all of State Farm's guidelines and underwriting requirements (i.e., its age, physical condition, etc.), and therefore qualified and was eligible for full replacement cost coverage." *Id.* ¶ 11. Defendant Fields "never noted any preexisting damage or defects to the roof when deeming the roof qualified for State Farm's . . . replacement cost coverage in 2022." *Id.* ¶ 86.

Plaintiff alleges that, despite these assurances, State Farm later relied on pre-existing damage, namely "blistering," to wrongfully deny her claim. *Id.* ¶¶ 46, 47, 81, 86. Plaintiff asserts that the purported existence of pre-existing damage and State Farm's related denial "do[] not square with" Defendant Fields' issuance of the replacement cost policy, Defendant Fields' promises and representations, or the substantial increase in her replacement cost values and premiums. *Id.* ¶ 86.

Upon consideration of the record, the Court finds that State Farm has not met its heavy burden to show with "complete certainty" that Plaintiff cannot state a negligent procurement claim against Defendant Fields in state court. *Smoot*, 378 F.2d at 882; *see Swickey*, 979 P.2d at 269; *Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. 2025) (remanding case where the plaintiffs alleged that "State Farm's denial was contrary to the [agent's] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *Nelson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1189, 1194-95 (W.D. Okla. 2022) (remanding where the dispositive issue was the insurance agent's role in allegedly negligent underwriting a policy and the claim denial relied in part on pre-existing damage). Plaintiff has a "possibly viable" claim that, by Defendant Fields' fault, "insurance [was] not procured as promised and [Plaintiff] suffer[ed] a loss." *Montano*, 2000 WL 525592, at *2; *Swickey*, 979 P.2d at 269.

*B. Summary*

Accordingly, the Court may not disregard the citizenship of Defendant Josh Fields Insurance Agency, Inc. in assessing whether diversity jurisdiction exists under 28 U.S.C.

§ 1332(a). The Court concludes that there is not complete diversity of citizenship and that remand is therefore required. *See* 28 U.S.C. § 1447(c).

CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 11) is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 28th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge